## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

ISIAH BROWN,

        Plaintiff,

v.

ROGER L. HARRIS (Sheriff, Spotsylvania
     County, Virginia), and

     Serve at:

     9119 Dean Ridings Lane,
     Spotsylvania, VA  22553

DAVID MATTHEW TURBYFILL (Deputy,
     Spotsylvania County Virginia),

     Serve at:

     1104 Copeland Court
     Fredericksburg, VA 22407-2592

        Defendants.

Case No: 3:21cv00661

**JURY TRIAL DEMANDED**

## COMPLAINT

COMES NOW the Plaintiff, Isiah Brown, by counsel, and moves this Court for judgment against the Defendants Roger L. Harris (Sheriff, Spotsylvania County, Virginia) and David Matthew Turbyfill (Deputy, Spotsylvania County, Virginia) in this Complaint on the grounds and in the amounts as follows:

I.     **INTRODUCTION**

    1.    While standing in the street outside his mother's home, ***unarmed*** and defenseless, ***with his hands raised in the air***, 32-year-old Isiah Brown was shot as many as eight times by Defendant Turbyfill.

2.      Mr. Brown suffered serious injuries.  He was hospitalized for a number of weeks, underwent multiple surgeries, suffered great pain, and was required to wear a colostomy bag (a plastic bag that collects fecal matter from the digestive tract).

3.      On July 15, 2021, a Special Grand Jury sitting in Spotsylvania County directly indicted Turbyfill for "unlawfully and feloniously" handling a firearm "in a manner so gross, wanton, and culpable as to show a reckless disregard for human life" and "to cause serious bodily injury [to Mr. Brown] resulting in permanent and significant impairment, in violation of § 18.2-56.1(A-1) of the Code of Virginia (1950) as amended."  The Direct Indictment is attached as **Exhibit 1**, and incorporated herein by reference.

## II.    **JURISDICTION**

4.      Mr. Brown alleges claims arising under federal and state law.  This Court has jurisdiction over the federal law claims pursuant to 28 U.S.C. §§ 1331, 1343.  Further, this Court has jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

## III.   **VENUE**

5.      Venue is proper pursuant to 28 U.S.C. § 1391(b) because the acts and omissions giving rise to Plaintiff's claims occurred in this district.

6.      Assignment to the Richmond Division of the Eastern District of Virginia is proper pursuant to Eastern District of Virginia Local Rules 3(B)(4) and 3(C) because all, or a substantial part, of the acts and omissions giving rise to Plaintiff's claims occurred in this division.

## IV.    **PARTIES**

7.       Plaintiff ISIAH BROWN is, and at all relevant times, was, a citizen of the Commonwealth of Virginia.  Plaintiff resides in Spotsylvania County, Virginia.

8.     Defendant ROGER L. HARRIS is, and was, at all relevant times, the Sheriff of Spotsylvania County, Virginia.   Defendant Harris is a constitutional officer independent of Spotsylvania County, Virginia.  (All references herein to the "Spotsylvania Sheriff's Office" are, in fact, to the Spotsylvania Sheriff, the elected, constitutional officer under the Constitution of Virginia.)  Defendant Harris directed and supervised his deputies, including, but not limited to, Defendant Turbyfill.  At certain relevant times, Defendant Sheriff Harris owed Mr. Brown the duty to use at least reasonable care, and under the circumstances owed Mr. Brown the duty to use higher levels of care, for the safety, well-being, and protection of Mr. Brown.  Defendant Harris otherwise delegated that duty to his deputies, agents, and employees, including, but not limited to, Defendant Turbyfill.  At all relevant times, Defendant Sheriff Harris was acting under color of state law. Defendant Sheriff Harris is sued in his individual capacity.

9.     At all relevant times, Defendant DAVID MATTHEW TURBYFILL was a sheriff's deputy acting within the course and scope of his employment and under color of state law.  Deputy Turbyfill is sued in his individual capacity.  Deputy Turbyfill is, and at all relevant times was, an adult resident of the Commonwealth of Virginia.

## V.    FACTS

10.     On the evening of April 21, 2021, Mr. Brown and his brother were at their mother's house in Spotsylvania, Virginia.  A disagreement ensued and at some point Deputy Turbyfill was dispatched to address the matter.

11.     When Deputy Turbyfill arrived, Mr. Brown was on the road outside his mother's house.

12.     At this time, Mr. Brown did not pose any threat of physical harm to Deputy Turbyfill or any other person.  In particular, Mr. Brown was unarmed, had his hands in the air, and

3

was located approximately 25 feet away from Deputy Turbyfill.  Mr. Brown was not behaving in any way that would cause a reasonable person to fear that he would cause them serious bodily harm or death.

13.     Despite Mr. Brown posing a risk of serious bodily harm or death to Deputy Turbyfill or anyone else, Deputy Turbyfill used lethal force against Mr. Brown by firing at least eight bullets at Mr. Brown in rapid succession.  Mr. Brown was struck by eight bullets.

14.     Prior to using lethal force, Deputy Turbyfill had a reasonable opportunity to warn Mr. Brown that he (Deputy Turbyfill) was about to use lethal force against Mr. Brown.  Despite this opportunity, Deputy Turbyfill did not provide any warning to Mr. Brown that he (Mr. Brown) was about to be shot multiple times.

15.     Confirming that Deputy Turbyfill acted without justification, a Special Grand Jury sitting in Spotsylvania County found that Turbyfill, in shooting Mr. Brown, used his firearm "in a manner so gross, wanton, and culpable as to show a reckless disregard for human life."

16.     The flurry of bullets that hit Mr. Brown caused enormous injury to his body.  Some rounds caused devastation in multiple parts of Mr. Brown's body.  Four rounds bored through Mr. Brown's abdomen, piercing his intestines, shredding his bladder, and fracturing his rib.  Four bullets smashed into Mr. Brown's left lower side and buttocks.  Rounds hit the top of both of Mr. Brown's femurs – the greater trochanters of both femurs, near the hip.  The top of Mr. Brown's right femur splintered. One round penetrated Mr. Brown's neck.

17.     Upon arrival at the Emergency Department, in addition to the above-noted acute injuries, physicians noted acute gastrointestinal bleed, excessive blood loss, and acute respiratory failure.

4

18.     Over the next several days, Mr. Brown underwent numerous invasive surgeries and procedures.

19.     During the foregoing procedures and related hospitalization, Mr. Brown's heart rate was markedly elevated, he suffered a fever and infection. One bullet bowel wound leaked stool. His bladder was also leaking.

20.     With his bladder, in the words of his surgeon, "obliterated," a tube was inserted in his intestine and a diversion/ostomy bag was attached.  He was hospitalized for many weeks in critical condition.

21.     Mr. Brown has endured and continues to endure extreme pain and permanent painful injuries.

22.     At all relevant times, Defendant Turbyfill had actual and/or constructive knowledge that Mr. Brown posed no danger to him or any other person.

23.     The willful, wanton, grossly negligent, reckless, and deliberately indifferent actions and/or omissions by Defendants have proximately caused Mr. Brown to suffer extensive, extreme, ongoing physical and mental pain, anguish, suffering, disfigurement, humiliation, and economic losses.  Mr. Brown will never fully recover from the scars and impairment to his body and mind. The causes of action asserted in this Complaint seek judgment for monetary damages in an amount sufficient to provide full and fair compensation for Mr. Brown's severe and extensive injuries, past and future medical bills, past and future pain and suffering, anguish, disfigurement, severe emotional distress, attorneys' fees, and all other compensable damages sustained by Mr. Brown.

**VI.    COUNTS**

## COUNT I
**GROSS NEGLIGENCE AND WILLFUL AND WANTON NEGLIGENCE**
**(Defendants Harris and Turbyfill)**

24.     Plaintiff incorporates by reference the preceding allegations of the Complaint.

25.     At all relevant times, Defendant Turbyfill was acting within the scope of his employment as an employee and/or agent of Defendant Harris, the Spotsylvania County Sheriff.

26.     At all relevant times, Defendants Harris and Turbyfill owed Mr. Brown the duty to use at least reasonable care, and under the circumstances owed Mr. Brown the duty to use higher levels of care, for the safety, well-being, and protection of Mr. Brown.  Defendant Harris otherwise delegated that duty to his deputies, agents, and employees, including, but not limited to, Defendant Turbyfill.

27.     By his conduct, Defendant Turbyfill subjected Mr. Brown to his authority and control and was in a special relationship with Mr. Brown such that he owed Mr. Brown the duty to use at least reasonable care, and under the circumstances owed the duty to use higher levels of care, for the safety, well-being, and protection of Mr. Brown.

28.     Defendant Turbyfill, in violation of the duties he owed, without justification, intentionally, unlawfully, with willful and wanton negligence, and with gross negligence shot Mr. Brown, who was unarmed and holding his hands in the air, with his firearm multiple times.

29.     Defendant Turbyfill's actions and omissions were unjustifiable, unlawful, tortious, and wrongful, and they constituted gross negligence and willful and wanton conduct that proximately caused the horrific injuries to Mr. Brown.

30.     Defendant Turbyfill's actions and omissions alleged herein were contrary to accepted customs, usages, and standards for police conduct.

31.     Defendant Turbyfill's wrongful actions and omissions as alleged herein were done without the consent of Mr. Brown and without lawful justification or excuse.

6

32.     Defendant Harris is responsible, pursuant to the doctrine of *respondeat superior* liability, for Defendant Turbyfill's foregoing wrongful actions and omissions, which occurred in the scope of Turbyfill's employment as a deputy sheriff.

33.     As a direct and proximate result of the willfully and wantonly negligent and grossly negligent conduct of Defendant Turbyfill, Mr. Brown sustained serious and permanent bodily injuries; has been and will continue to be prevented from transacting his business and household duties; has suffered and will continue to suffer physical pain and mental anguish; has suffered and will continue to suffer disfigurement, deformity, and associated humiliation and embarrassment; has suffered and will suffer inconvenience; and has incurred and will incur expenses for medical care and treatment and other expenses necessitated by his injuries including hospital, doctors, medical bills, and other expenses necessary to treat, care for, cure and/or ameliorate his injuries and the pain, anguish, and impairments and conditions resulting from those injuries.

## COUNT II
## BATTERY
### (Defendants Harris and Turbyfill)

34.     Plaintiff incorporates by reference Paragraphs 1-34 of the Complaint.

35.     At all relevant times, Defendant Turbyfill was acting within the scope of his employment as an employee and/or agent of Defendant Harris, the Spotsylvania County Sheriff.

36.     Defendant Turbyfill's actions alleged in the foregoing paragraphs of this Complaint constituted and caused an intentional, unlawful, unwanted and harmful touching (and/or touchings), without legal justification and constituted a battery.

37.     Defendant Harris is responsible, pursuant to the doctrine of *respondeat superior* liability, for Defendant foregoing Turbyfill's wrongful actions and omissions, which occurred in the scope of Turbyfill's employment as a deputy sheriff.

38.     As a direct and proximate result of the battery by Defendant Turbyfill, Mr. Brown sustained the injuries and damages previously alleged in this Complaint.

## COUNT III

### EXCESSIVE FORCE IN VIOLATION OF 42 U.S.C. § 1983
### AND AMENDMENTS IV AND XIV

**(Defendant Turbyfill)**

39.     Plaintiff incorporates by reference Paragraphs 1-39 of the Complaint.

40.     This is an action brought against Defendant Turbyfill in his individual capacity, pursuant to 42 U.S.C. § 1983 and § 1988 in violation of the United States Constitution Amendments IV and XIV.

41.     At all times material hereto, Defendant Turbyfill was an employee and/or agent of Defendant Harris, the Spotsylvania County Sheriff, and acting within the course and scope of his employment with same, and acting under color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs, and usages of the Spotsylvania County Sheriff.

42.     Defendant Turbyfill used, without warning, excessive and objectively unreasonable force on the person of Mr. Brown, depriving him of bodily integrity, life, liberty, and due process of law.

43.     To wit, Defendant Turbyfill discharged his firearm at Mr. Brown without warning, as described above in this Complaint despite, constructive and/or actual knowledge, among other things, that he was unarmed and had his hands in the air.  The use of lethal force exhibited by Defendant Turbyfill against Mr. Brown was objectively unreasonable and clearly excessive.

44.     As a direct and proximate result of Defendant Turbyfill's acts, omissions, and use of

excessive force, Defendant Turbyfill deprived Mr. Brown of the right to life and due process of law guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution by firing his weapon at Mr. Brown and causing significant injuries.

45.     As a direct and proximate result of Defendant Turbyfill's acts, omissions, and use of excessive force, Mr. Brown has ongoing and continuous permanent damages and injuries, and as such is entitled to recovery, including but not limited to the following:

   a.     Compensation for severe bodily injury;

   b.     Past and future medical bills and expenses;

   c.     Pain and suffering;

   d.     Punitive damages;

   e.     Award of reasonable attorneys' fees and costs to Plaintiffs on Federal § 1983 Counts;

   f.     Any and all other and further relief as this Court may deem appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brown demands and is entitled to recover judgment against Defendants Harris and Turbyfill, jointly and severally, in the amount of TWENTY MILLION and NO/100 DOLLARS ($20,000,000.00), or in such greater amount to be determined at trial, costs, pre-judgment interest,  attorneys' fees (in connection with the federal civil rights count), punitive damages in the amount of SIX MILLION and NO/100 DOLLARS ($6,000,000.00) for the federal claims asserted herein and THREE HUNDRED FIFTY THOUSAND and NO/100 DOLLARS ($350,000.00) in connection with the state claims asserted herein, and grant such other and further relief that the Court may deem  appropriate.

**TRIAL BY JURY IS DEMANDED.**

ISIAH BROWN,


By: _____ /s/ David E. Haynes_____
                          Counsel


David E. Haynes, Esq. (VSB # 41530)
THE COCHRAN FIRM
1666 K Street, NW, Suite 1150
Washington, DC  20006
Phone (202) 682-5800
DHaynes@CochranFirm.com

Mark J. Krudys (VSB #30718)
Danny Zemel (VSB #95073)
THE KRUDYS LAW FIRM, PLC
SunTrust Center
919 East Main Street, Suite 2020
Richmond, VA  23219
Phone (804) 774-7950
mkrudys@krudys.com
dzemel@krudys.com

John F. Preis (VSB# 45764)
7719 Rock Creek Rd.
Henrico, VA 23229
Phone: (804) 289-8682
Email: jpreis@richmond.edu

*Counsel for Plaintiff Isiah Brown*